UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY BRUNSON,

      Plaintiff,

 v.             3:26-cv-00133 (AMN/CBF)

COREY KNIGHT and JOHN DOE
OFFICERS,[1]

      Defendants.

---

APPEARANCES:        OF COUNSEL:

**ANTHONY BRUNSON**
25-B-1063
Adirondack Correctional Facility
Box 110
Ray Brook, New York 12977
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

On January 27, 2026, plaintiff *pro se* Anthony Brunson ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant New York State Trooper Corey Knight ("Defendant") in connection with a traffic stop conducted by Defendant and others. Dkt. No. 1. On February 2, 2026, the Court administratively closed the case and provided Plaintiff thirty days to comply with the filing fee requirement. Dkt. No. 6. On March 16, 2026, Plaintiff filed, *inter alia*, an amended complaint, Dkt. No. 8 ("Amended Complaint"), and an amended

---

[1] The Clerk is directed to update the docket accordingly.

motion for leave to proceed *in forma pauperis*, Dkt. No. 9.  The Court reopened the case the same day, Dkt. No. 12, and Plaintiff subsequently received leave to proceed *in forma pauperis*, Dkt. No. 18 at 2.[2]

This matter was referred to United States Magistrate Judge Carla B. Freedman, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e) and, on May 5, 2026, recommended that the Amended Complaint be dismissed with leave to amend.  Dkt. No. 18 ("Report-Recommendation").  Magistrate Judge Freedman advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 11.  On May 18, 2026, Plaintiff filed objections, Dkt. No. 19, as well as a second amended complaint, Dkt. No. 20 ("Second Amended Complaint").

The Court reviews the sufficiency of the allegations in Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e).[3]  Following that review, and for the reasons discussed below, the Court finds that certain of the Plaintiff's allegations regarding the violation of his Fourth Amendment rights, liberally construed, are sufficient to require a response.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), "a district court must dismiss a complaint filed *in forma pauperis* if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'"  *Caldwell v. Barriere*, 844 F. App'x 461, 461 (2d Cir. 2021) (quoting 28 U.S.C.

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[3] The Court does not review the Report-Recommendation assessing the sufficiency of the allegations in the Amended Complaint, given Plaintiff's subsequent filing of the Second Amended Complaint.

§ 1915(e)(2)(B)).  To avoid *sua sponte* dismissal, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "The Court must also dismiss an action *sua sponte* where it lacks subject matter jurisdiction." *Murray v. New York*, No. 24-cv-08015, 2024 WL 5009955, at *1 (S.D.N.Y. Dec. 6, 2024) (first citing Fed. R. Civ. P. 12(h)(3); and then citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Moreover, a plaintiff's *pro se* status does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

## III.   DISCUSSION

### A.  Second Amended Complaint

Plaintiff alleges that on July 18, 2023, he was working as a "maintenance employee for first ward Action council" in Binghamton, New York.  Dkt. No. 20 at ¶ 7; Dkt. No. 18 at 3.  At approximately 1:19 p.m., Plaintiff arrived at a work site on Murray Street, legally parked his vehicle, exited and locked the vehicle, and proceeded to cross the street to begin working.  Dkt.

No. 20 at ¶¶ 7-8.  Shortly thereafter, Plaintiff observed behind his vehicle a New York State Trooper patrol vehicle with its lights on.  *Id.* at ¶ 9.  Plaintiff alleges that Defendant exited the patrol vehicle and stated that Plaintiff's vehicle did not have a front license plate and had illegal window tint.  *Id.* at ¶ 10.  Plaintiff allegedly walked to the front of his vehicle and showed Defendant that it did have a front license plate.  *Id.* at ¶ 11.  Plaintiff then provided his driver's license, at Defendant's request.  *Id.* at ¶ 12.  After returning to his patrol vehicle, Defendant came back, ordered Plaintiff to put his hands behind his back, and handcuffed Plaintiff.  *Id.* at ¶ 13.  Defendant allegedly told Plaintiff that there was a "non-extraditable" warrant from 2003.  *Id.* at ¶¶ 14-15.  Plaintiff remained handcuffed and did not receive an explanation for his detention.  *Id.* at ¶¶ 16-17.

Unnamed officers ("John Doe Defendants" and, together with Defendant, "Defendants") then arrived at the scene.  *Id.* at ¶¶ 6, 18.  Plaintiff alleges that body camera footage shows Defendant stating words to the effect of "we know this guy, he rides with that motorcycle club – they're known for carrying guns."  *Id.* at ¶ 22.  Defendant asked Plaintiff for consent to search Plaintiff's locked vehicle.  *Id.* at ¶ 19.  After Plaintiff refused consent, one of the John Doe Defendants removed a key from Plaintiff's belt.  *Id.* at ¶¶ 19-20.  Defendants then conducted a warrantless search of Plaintiff's vehicle and located a firearm.  *Id.* at ¶¶ 21, 23.

Plaintiff was formally arrested and charged with, *inter alia*, criminal possession of a weapon.  *Id.* at ¶ 24.  Plaintiff was subsequently detained for approximately four to five months "and subjected to pretrial supervision including an ankle monitor and mandatory reporting."  *Id.* at ¶ 25.  "At a later court proceeding, the charges against Plaintiff were dismissed due to violations

of his rights."[4]  *Id.* at ¶ 26.  Plaintiff asserts various damages as a result of Defendants' alleged conduct.  *Id.* at ¶¶ 27, 37-38.

The Second Amended Complaint lists four claims: "Count I – Unlawful Detention (Fourth Amendment)"; "Count II – Unlawful Search (Fourth Amendment)"; "Count III – False Arrest"; and "Count IV – Civil Rights Violations (42 U.S.C. § 1983)".  *Id.* at ¶¶ 28-36.

### B.  Analysis

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S. Const. amend. IV.  Liberally construed, the Second Amended Complaint articulates two Section 1983 claims based on the alleged violation of Plaintiff's Fourth Amendment rights on July 18, 2023: (i) the unlawful search of his vehicle; and (ii) the unlawful seizure of his person.  *See generally Campbell v. Broome Cnty.*, 173 F.4th 36, 43-44 (2d Cir. 2026) ("We conclude that these allegations were sufficient to state a § 1983 claim under the Fourth Amendment against [defendant].").

With respect to the unlawful search, the Second Amended Complaint alleges that Plaintiff's vehicle was searched without a warrant or other justification.  *See, e.g., Soukaneh v. Andrzejewski*, 112 F.4th 107, 128 (2d Cir. 2024) ("[W]e address whether [defendant]'s warrantless searches of [plaintiff]'s car and trunk violated clearly established Fourth Amendment rights to be free from unreasonable searches.  We hold that they did.  The case law from the Supreme Court and from this Court set forth in the preceding sections clearly established, as of the time of [defendant]'s stop of [plaintiff], (1) that a reasonable apprehension of danger is necessary to establish reasonable suspicion warranting a *Terry* frisk of a vehicle subsequent to a car stop, and (2) that *probable cause*

---

[4] In Plaintiff's objections to the Report-Recommendation, he further states that "the County court held during suppression matters, that plaintiff[']s rights were in fact violated, suppressed all evidence obtained as a result of those violations and dismissed the charges against plaintiff in full satisfaction of the accusatory instrument."  Dkt. No. 19 at 4-5.

that evidence of a crime will be found is necessary to justify a warrantless search of a vehicle pursuant to the automobile exception."). Plaintiff further indicates that a state court suppressed evidence obtained from the search of his vehicle, after concluding that Plaintiff's rights had been violated, and dismissed all charges against him, including criminal possession of a weapon. *See supra* Section III.A. The Court thus concludes that Plaintiff's second claim, for the unlawful search of his vehicle, is sufficient to require a response. Dkt. No. 20 at ¶¶ 30-32.

With respect to the unlawful seizure of Plaintiff's person, the Second Amended Complaint alleges that Plaintiff was seized after exiting his vehicle, purportedly without reasonable suspicion or probable cause. *See, e.g., Etere v. Nassau Cnty.*, No. 24-1755-cv, 2025 WL 2814406, at \*2 (2d Cir. Oct. 3, 2025) (summary order) ("The temporary detention of a person when the police have stopped her vehicle, regardless of its brevity or limited intrusiveness, constitutes a seizure for Fourth Amendment purposes, and thus must not be unreasonable.") (quoting *Gilles v. Repicky*, 511 F.3d 239, 244-45 (2d Cir. 2007)); *United States v. Overton*, No. 24-2071-cr, 2025 WL 2753628, at \*1 (2d Cir. Sept. 29, 2025) (summary order) ("As a result, 'traffic stops must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity.'") (quoting *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017)). Plaintiff's allegations are sufficient, at this stage, to state a claim for false arrest. "To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Brill v. Ulster Cnty.*, 799 F. Supp. 3d 73, 84 (N.D.N.Y. 2025) (quoting *Jackson v. City of New York*, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013)). Indeed, Plaintiff claims

that multiple police officers were present, that he was instructed to comply, that he was handcuffed, and that he was formally arrested. *See generally Grice v. McVeigh*, 873 F.3d 162, 167 (2d Cir. 2017). The Court thus concludes that Plaintiff's third Fourth Amendment claim, for false arrest, is sufficient to require a response.

Plaintiff's first Fourth Amendment claim, for unlawful detention, is duplicative of this false arrest claim. *See, e.g., Parkinson v. Town of Niskayuna*, No. 22-cv-70, 2023 WL 8574309, at *4 (N.D.N.Y. Dec. 11, 2023) ("To the extent Plaintiff premises his Fourth Amendment claim on the seizure of his person, such a claim is dismissed because it is tantamount to a claim for false arrest[.]") (collecting cases). As the Second Amended Complaint makes clear, the factual basis for Plaintiff's first and third claims is the same: the seizure of Plaintiff after he exited his vehicle on July 18, 2023. *Compare* Dkt. No. 20 at ¶¶ 28-29, *with id.* at ¶¶ 33-34. Thus, Plaintiff's first claim is dismissed as duplicative of his false arrest claim. *See, e.g., Passino v. Fulton Cnty. New York*, No. 25-cv-00727, 2026 WL 817990, at *7 (N.D.N.Y. Mar. 25, 2026) ("[T]o the extent that Plaintiff's unlawful search and seizure claim is predicated on the seizure of his person based on his August 10, 2022 arrest, the Court dismisses that claim as duplicative of his false arrest claim.") (citations omitted).

Finally, Plaintiff's fourth claim, for violation of Section 1983 generally, is deficient. Plaintiff alleges that "Defendants acted under color of state law to deprive Plaintiff of constitutional rights." Dkt. No. 20 at ¶ 35. But, in contrast to Plaintiff's other Section 1983 claims, he fails to identify any specific constitutional right that Defendants purportedly violated. "And 'Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed.'" *Kampfer v. Argotsinger*, 856 F. App'x 331, 333

(2d Cir. 2021) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  Moreover, this claim relies on the same factual allegations as Plaintiff's Fourth Amendment claims, and thus does not plausibly allege the violation of any distinct constitutional right.  As a result, the Court dismisses Plaintiff's fourth claim.  *Caldwell*, 844 F. App'x at 461.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Second Amended Complaint, Dkt. No. 20, is the operative complaint; and the Court further

**ORDERS** that Plaintiff's second and third claims against Defendants, for unlawful search and false arrest under Section 1983, **SURVIVE initial review and require a response**; and the Court further

**ORDERS** that Plaintiff's first and fourth claims against Defendants are **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[5]

**IT IS SO ORDERED.**

Dated: June 1, 2026
      Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.